**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Joshua Manning

      v.                                   Civil No. 05-cv-369-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

Before the Court for preliminary review is Joshua Manning's *pro se* petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing § 2254 proceedings (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).  As discussed herein, I find that Manning has not sufficiently demonstrated exhaustion to allow the petition to proceed at this time.  Accordingly, I order Manning to amend his petition to demonstrate exhaustion as directed herein.

<u>Standard of Review</u>

In reviewing a *pro se* complaint, the court is obliged to construe the pleading liberally.  See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

Background

On December 1, 2003, Joshua Manning was sentenced to three to seven years in the New Hampshire State Prison with consecutive suspended prison sentences, pursuant to his conviction for felon in possession of a firearm, burglary, and theft by unauthorized taking.  Manning took a direct appeal to the New Hampshire Supreme Court ("NHSC"), which affirmed his conviction.  Manning raised three grounds in his appeal before the NHSC: 1) the trial court improperly failed to suppress the fruits of an unconstitutional search and seizure from evidence, 2) the trial court failed to run sentences concurrently that were based on the same criminal conduct, and 3) the court failed to properly grant Manning credit for time he served awaiting trial.  Manning now raises two of those issues as claims in this petition: the alleged Fourth Amendment violation and the denial of credit for time served.[1]

--------

[1] The claims identified herein will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must properly amend his complaint to reflect the intended claims.  Along these lines, I presume that the exclusion of the consecutive sentence issue raised in the NHSC from this petition was intentional and I will not consider that issue as a claim raised here.

Manning alleges that the issues presented here were presented in his direct appeal to the New Hampshire Supreme Court.  However, as Manning has not provided this Court with any documentation of the manner in which these claims were raised, it is impossible to know precisely how they were raised, or whether the federal constitutional arguments attendant to these claims were raised, in the state courts.[2]

Discussion

1.   <u>Search and Seizure Claim</u>

Manning first claims that his conviction and sentence are unconstitutional because they relied on evidence that was procured with a search and seizure that violated Manning's Fourth Amendment rights.  Claims based on the Fourth Amendment's prohibition against unreasonable searches and seizures are not cognizable in federal habeas review.  <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an

---

[2]Manning's petition does not actually cite the federal constitution.  Applying a liberal construction of the petition, I have determined which constitutional amendments are implicated by the arguments raised.

unconstitutional search or seizure" was used to obtain his conviction).  The petition does not present any facts from which this Court could conclude that petitioner was not given a full and fair opportunity to litigate these issues in the state courts.  To the contrary, the petition indicates that petitioner did litigate this issue in the trial court in a motion to suppress evidence, and again on appeal to the NHSC.

Petitioner is being ordered to amend his petition.  Because habeas relief is not available for this claim, this issue should not be included in the amended petition.  In a Report and Recommendation issued simultaneously with this Order, I recommend dismissal of this claim.

2.   Time Served Credit Claim

To be eligible for habeas relief, Manning must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 335, 358-59 (1st Cir. 1981).  Manning

satisfies the custody requirement as he is currently serving his state prison sentence.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997).  Manning has indicated that he appealed the issue of pretrial credit to the NHSC.  However, it is not at all clear

that he has raised the federal nature of that claim in the state
courts.  Therefore, I find that Manning has not yet demonstrated
exhaustion of his claim alleging a failure to credit him for time
served, and I will direct him to amend his complaint to
demonstrate exhaustion of this claim in the state courts.  In
other words, Manning must file documentation demonstrating that
this issue, including the provision of the United States
constitution or federal law that he claims was violated, was
raised in the state courts and ultimately presented to the NHSC
for consideration.  This documentation includes any pleadings,
briefs, notice of appeal or other documents filed in the state
trial and appellate courts relative to this claim and any orders
issued in the state courts relative to this claim.[3]

---

[3]Manning has indicated that he has had difficulty in
obtaining paperwork from his trial and appellate attorneys.  The
New Hampshire Supreme Court has held that "a client's file
belongs to the client, and upon request, an attorney must provide
the client with the file."  Averill v. Cox, 145 N.H. 328, 339
(2000) (internal citations omitted); N.H. R. Prof. Conduct
1.16(d) ("Upon termination of representation, a lawyer shall take
steps to the extent reasonably practicable to protect a client's
interests, such as ... surrendering papers and property to which
the client is entitled....")  Accordingly, Manning should not
have any difficulty obtaining such paperwork from his former
attorneys by simply requesting them.  This was the sole issue
presented to the Court in support of Manning's request for court-
appointed counsel.  Because counsel is ethically obligated to
provide Manning with his files, there is no reason for this Court
to appoint counsel at this time.  I accordingly deny the request

<u>Conclusion</u>

Manning is ordered to amend his complaint to demonstrate exhaustion of his time served credit claim, as discussed herein, within thirty days of the date of this Order.  Should additional time be required to obtain proper documentation of exhaustion from former counsel, Manning must file a request for additional time describing his efforts to obtain those documents.  Failure to amend the petition to demonstrate exhaustion of his claim may result in the dismissal of the petition.[4]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 25, 2005

cc:      Joshua Manning, *pro se*
         Philip Desfosses, Esq.
         Sven D. Wiberg, Esq.

---

for counsel without prejudice to the motion being renewed should circumstances warrant.

[4]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Manning's claims.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).