**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Joshua Manning


     v.                                      Civil No. 05-cv-369-SM


Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility


**REPORT AND RECOMMENDATION**


     Joshua Manning filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on October 19, 2005 setting forth

two claims for relief, one alleging a violation of Manning's

Fourth Amendment rights and one alleging an illegal consecutive

sentence.  On October 25, 2005, I recommended that the Fourth

Amendment claim be dismissed (document no. 4).  That

recommendation was approved by the Chief Judge on November 14,

2005 (document no. 8).  On October 25, 2005, I also issued an

Order directing Manning to amend his consecutive sentence claim

to demonstrate that the claim was exhausted in the state courts

(document no. 5).  With respect to the consecutive sentence

claim, Manning was specifically instructed to:

> [F]ile documentation demonstrating that this issue,
> including the provision of the United States

> <u>constitution or federal law that he claims was</u>
> <u>violated</u>, was raised in the state courts and
> ultimately presented to the [New Hampshire Supreme
> Court] for consideration.  This documentation
> includes any pleadings, briefs, notice of appeal or
> other documents filed in the state trial and
> appellate courts relative to this claim and any
> orders issued in the state courts relative to this
> claim.

See <u>Order</u>, Oct. 25, 2005 at *7 (emphasis added).

Manning has now filed an amended complaint, attaching both the notice of appeal and brief previously filed in the New Hampshire Supreme Court regarding the sentencing issue (document no. 11).  Manning's documents demonstrate that the issue of illegal sentencing was raised in the New Hampshire Supreme Court. It is apparent from a review of the amended complaint and its attachments, however, that no claim of a violation of a federal constitutional or statutory right was presented to that court for consideration.  Accordingly, I find that Manning's sentencing claim has not been exhausted in the state courts and I recommend that the petition be dismissed.  <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988), <u>cert. denied</u>, <u>Maloney v. Lanigan</u>, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to

2

correct the claimed constitutional error"); see also <u>Picard v.</u>

<u>Connor</u>, 404 U.S. 270, 275 (1971) (requiring petitioner to have

fairly presented the federal nature of his claims to the state

courts to give them the first opportunity to remedy the claimed

constitutional error).

Any objections to this Report and Recommendation must be

filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to

appeal the district court's order.  <u>See Unauthorized Practice of</u>

<u>Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United</u>

<u>States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:     January 31, 2006

cc:       Sven D. Wiberg, Esq.